IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CURTIS MACK LEWIS, | § | |
| TDCJ-CID NO. 646507, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION H-14-1367 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Respondent. | § | |

MEMORANDUM AND ORDER ON DISMISSAL

Petitioner Curtis Mack Lewis, a state inmate, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from a 1992 aggravated sexual assault conviction in the 351st Judicial District Court of Harris County, Texas. The Court will dismiss the petition for the reasons to follow.

I. Discussion

In general, federal habeas petitioners must bring their claims in one action. 28 U.S.C. § 2244(b) provides as follows, in pertinent part:

(1) A claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

  (B)(I)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

  (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A district court may hear a claim not presented in a prior federal application only if the court of appeals issues an order of authorization. 28 U.S.C. § 2244(b)(3). Any claim that was raised in a prior federal habeas application is not subject to adjudication by the district court and must be dismissed. 28 U.S.C. § 2244(b)(1).

Petitioner's first federal habeas petition challenging this conviction was denied on September 27, 2000. Lewis v. Johnson, Civil Action No. 4:97-cv-01872 (S.D. Tex.-Houston, filed May 23, 1997)(Order adopting magistrate judge's recommendation (Docket No. 34) entered Sept. 28, 2000). Such dismissal constitutes an adjudication on the merits for the purposes of the gate-keeping rules on second or successive petitions. See In re Flowers, 595

2

F.3d 204, 205 (5th Cir. 2009). To the extent that Petitioner raises the same claims in the present petition that he raised in Civil Action No. 4:97-cv-01872, this Court is required to dismiss those claims. 28 U.S.C. § 2244(b)(1). To the extent that Petitioner seeks relief on grounds not previously presented, he fails to allege or show that he has sought or received authorization from the Court of Appeals to proceed in this Court with respect to any new claims he is raising. 28 U.S.C. § 2244(b)(3).

Accordingly, this action is DISMISSED without prejudice to Petitioner seeking authorization from the Court of Appeals to proceed on any new claims.

Petitioner has not made a substantial showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that such jurists "would find it debatable whether the district court was correct in its procedural ruling." Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). For this reason, this Court finds that a certificate of appealability should not issue in this case.

II.  Conclusion

Accordingly, the Court ORDERS the following:

1. The pending habeas petition is DISMISSED WITHOUT PREJUDICE.

2. A certificate of appealability is DENIED.

3. All other pending motions are DENIED.

SIGNED at Houston, Texas, on _May 27_, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE